85 F.3d 639
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shelton L. WATSON, Plaintiff-Appellant,
v.
VOLUME SERVICES, INC.; Canteen Corp; TW Recreational
Services; Thomas E. Hagins, Does 1-10, Inclusive,
Defendants-Appellees.
 No. 94-16402.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
As Amended on Denial of Rehearing Jan. 26, 1996.
 
 Before: PREGERSON, BRUNETTI, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Shelton Watson brought an action under California's Fair Employment and Housing Act (FEHA), claiming employment discrimination on the basis of race, physical handicap, and age. The district court granted the defendants' motion for summary judgment and Watson appeals. We have jurisdiction under 28 U.S.C. § 1292(a)(1), and we affirm.
 
 
 3
 We review a grant of summary judgment de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Viewing the evidence in the light most favorable to the non-moving party, this court must determine whether there are any genuine issues of material fact and whether the relevant substantive law was correctly applied. Id.
 
 1. Race Discrimination Claim
 
 4
 Watson claims that the district court should not have entered summary judgment against him because it failed to address his claim that the defendants discriminated against him on the basis of race. However, in his brief, Watson states that the "issues presented on appeal ... shall only deal with the physical handicap and age-based discrimination claims under FEHA." Thus, we hold that Watson has waived his race discrimination claim. See International Union of Bricklayers v. Martin Jaska, Inc., 752 F.2d 1401, 1404 (9th Cir.1985).
 
 2. Physical Disability Discrimination Claim
 
 5
 Watson also claims that the district court erred in granting summary judgment to the defendants on Watson's FEHA physical disability claim. This argument lacks merit.
 
 
 6
 Under the FEHA, the plaintiff may establish a prima facie case of discrimination by showing that he is handicapped and was denied an employment benefit as a result of it. Ackerman v. Western Elec. Co., Inc., 860 F.2d 1514, 1518 (9th Cir.1988) (citing Cal.Admin.Code tit. 2, § 7293.7). Once the plaintiff has established a prima facie case, the burden shifts to the employer to show that "an 'employee, because of his or her physical handicap, is unable to perform his or her [essential] duties....' " Id. (quoting Cal.Gov't.Code § 12940(a)(1)). Once the employer has made this showing, the burden shifts back to the plaintiff to raise a factual question as to whether the showing is a "pretext." See Lindahl v. Air France, 930 F.2d 1434, 1437 (9th Cir.1991) (Once "the employer produces legitimate, nondiscriminatory reasons for the employment decision, the inference of discrimination is rebutted," and the burden shifts "back to the plaintiff to raise a genuine factual question as to whether the proffered reason is pretextual." (quotations and ellipses omitted)), and Mixon v. Fair Employment and Hous. Comm'n, 237 Cal.Rptr. 884, 890 (Cal.Ct.App.1987) (California courts rely upon federal law to interpret analogous provisions of the state statute, and the objectives of the FEHA and Title VII of the Federal Civil Rights Act of 1964 are the same).
 
 
 7
 In the present case, Watson has established a prima facie case of discrimination based on his physical disability. Neither party disputes that Watson is handicapped. And based on the evidence, it is clear that Watson was denied the Area Supervisor position because of his handicap. Thus, Watson established a prima facie case of discrimination based on his disability. The burden therefore shifted to the defendants to show that Watson, because of his physical handicap, is unable to perform the essential duties of Area Supervisor. See Ackerman, 860 F.2d at 1518.
 
 
 8
 Under the FEHA, a job function may be defined as "essential" if the position exists to perform that function, or if a limited number of employees are available among whom the performance of that job function can be distributed. Cal.Gov't.Code § 12926(f).
 
 
 9
 The job description of Area Supervisor submitted by the defendants includes the following duties: (1) extensive walking in order to supervise the operation of ten to twenty concession stands during a sporting event; (2) lifting and carrying assorted articles to the various concession locations, including beer kegs, CO2 tanks, soda syrup, beer portables, and occasionally fifty pound bags of ice; and (3) climbing up and down from counters to change menu boards. From this description, it is clear that the position of Area Supervisor is labor-intensive.
 
 
 10
 The declarations by both current and former Area Supervisors, supervisors of Area Supervisors, and unit managers support the defendants' job description. These declarations state that the essential functions of an Area Supervisor include physically setting up concession stands, moving heavy equipment and supplies weighing up to one hundred pounds throughout the workday, climbing on counters to change signs, and extensive walking to monitor and effectively supervise multiple concession stands. Furthermore, these declarations note that many of the Area Supervisor's "essential functions" are performed at a time when the Area Supervisor is the only employee at the job site, several hours before or after a game.
 
 
 11
 Watson admitted in his deposition that he would be completely unable to perform most of the duties described. Thus, the defendants met their burden of showing that Watson, because of his physical handicap, is unable to perform the essential duties of Area Supervisor. The burden therefore shifted to Watson to raise a genuine factual question as to whether the showing is a "pretext." See Lindahl, 930 F.2d at 1437.
 
 
 12
 Watson makes several arguments to meet his burden. First, Watson claims that the job description submitted by the defendants differs dramatically from a job description that he was given at a job interview. We reject this argument.
 
 
 13
 We review the district court's order excluding evidence in the context of summary judgment for abuse of discretion, Maffei v. Northern Ins. Co. of New York, 12 F.3d 892, 897 (9th Cir.1993), and we hold that the district court did not abuse its discretion in refusing to consider this purported job description.
 
 
 14
 Twice during his deposition, Watson stated that he had turned the job description over to his attorney. However, neither Watson nor his attorney have come forward with this purported job description.
 
 
 15
 The district court did not consider the purported job description, pointing out that "Watson has failed to produce evidence to support this alleged job description...." Because Watson failed to produce evidence to support the alleged job description, it was not an abuse of discretion for the district court to refuse to consider this evidence in granting summary judgment for the defendants.
 
 
 16
 Second, Watson argues that the district court erred in holding that Watson failed to establish a prima facie case under FEHA for discrimination based on his physical handicap. This argument lacks merit.
 
 
 17
 In one of the headings of its order, the district court did state that Watson failed to establish a prima facie case of employment discrimination based on physical handicap. However, based on the court's analysis, it is clear that it found that Watson did establish a prima facie case, but that he failed to rebut the defendants' "strong showing that he would be unable to perform the 'essential functions' of an Area Supervisor with or without 'reasonable' accommodations." Thus, the district court did not err in concluding that defendants were entitled to summary judgment on Watson's physical disability claim.
 
 
 18
 Third, Watson argues that the burden of proving reasonable accommodation is on the defendants and that the defendants failed to carry that burden. This argument lacks merit.
 
 
 19
 Although an employer is required to reasonably accommodate a handicapped employee, "[a]n accommodation is not required when its effect is not to enable the handicapped person to perform the essential functions but to supplant the need for [him]." Ackerman v. Western Elec. Co., Inc., 643 F.Supp. 836, 851 (N.D.Cal.1986), aff'd, 860 F.2d 1514 (9th Cir.1988).
 
 
 20
 In the present case, the accommodations proposed by Watson include assigning other individuals to (1) perform all the preseason duties; (2) lift, carry, and move all heavy objects; (3) change menu signs and close concession stands. These accommodations involve the reassignment of a large portion of an Area Supervisor's entire job. This would essentially mean hiring two people for one position, since some of these duties must be done at a time when the Area Supervisor is alone on the job site.
 
 
 21
 In essence, Watson proposes that a reasonable accommodation would involve reassignment of all the physical aspects of an Area Supervisor's job. This would not enable him to perform the essential functions of the job, but would instead supplant the need for him. Thus, the accommodations proposed by Watson were not reasonable, and the defendants met their burden of showing that accommodation of Watson would be unreasonable.
 
 
 22
 Fourth, Watson claims that the preseason job requirements are not "germane" and should not have been considered by the district court because Watson applied for the position well after the baseball season began. The problem with this argument is that in Watson's deposition, he states that he believed he would be working through the basketball season, and the damages that he claims are not based on a single season. Thus, if Watson had been hired, Watson is essentially admitting that he would have been involved in preseason employment, e.g., the basketball preseason. Thus, his argument that the preseason duties of an Area Supervisor are not germane is meritless.
 
 
 23
 Furthermore, the position for which Watson was applying was not listed as "temporary" and it appears that many of the Area Supervisors hired in the past continue working for more than a single season. It would only be reasonable for the defendants to attempt to hire someone who would be qualified to stick around for more than a single season. Thus, the preseason duties are relevant.
 
 
 24
 Fifth, Watson argues that there is a material issue of fact based on Hagins' statement in the interview that if Watson was hired as an Area Supervisor, he would not have to do any lifting. We reject this argument.
 
 
 25
 Although Hagins' alleged statement was helpful to Watson in establishing a prima facie case of discrimination based on physical handicap, once the defendants came forward with a legitimate, nondiscriminatory reason for not hiring Watson, the presumption of discrimination was rebutted. See Lindahl, 930 F.2d at 1437. The burden was then shifted back to Watson to raise a genuine issue of material fact as to whether the proffered reason is pretextual. See id. Although very little evidence of discriminatory motive is required to raise an issue of fact, this does not mean that Watson can defeat summary judgment simply because he made out a prima facie case. See id. at 1437. Watson must produce specific, substantial evidence of pretext. See Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir.1994). As stated above, Watson failed to do so; therefore, summary judgment was appropriate.
 
 
 26
 Finally, in making his argument that summary judgment should not have been granted, Watson relies on evidence rejected by the district court.
 
 
 27
 On pages five, six and seventeen of his opening brief, Watson refers to a letter he received from a Ms. Brandt and an interview that he had with a Mr. Fiorentino. The district court did not consider this evidence on summary judgment and Watson has not appealed the district court's failure to consider it. He has therefore waived any claim that it should be considered. See International Union of Bricklayers, 752 F.2d at 1404.
 
 3. Age Discrimination Claim
 
 28
 Watson also claims that the district court erred in granting summary judgment for the defendants on his FEHA age discrimination claim. This argument lacks merit.
 
 
 29
 Under the FEHA, it is unlawful for an employer to "refuse to hire or employ ... any individual over the age of 40 on the ground of age...." Cal.Gov't Code § 12941. The FEHA further provides that "[t]his section shall not be construed to make unlawful the rejection ... of employment where the individual applicant or employee failed to meet bona fide requirements for the job or position sought...." Id.
 
 
 30
 In an age discrimination claim, the allocation of the burdens is the same as in discrimination claims based on race or physical disability. The plaintiff must first establish a prima facie case. "[T]he burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision." Wallis, 26 F.3d at 889.
 
 
 31
 In the present case Watson claims that certain questions asked at his interviews establish that age was a basis for defendants' decision not to hire him. Watson asserts that there was a certain age link with the questions asked at the interview and that these questions "were in essence are you young and able enough to do this job." This claim lacks merit.
 
 
 32
 The questions asked of Watson do not establish that Watson's age was a basis for the employment decision. Watson was never asked whether he was "young enough" to do the job. The questions that he was asked regarding his physical abilities were asked in the course of discussing his physical disability, and there is no indication that there was any concern whatsoever for Watson's age.
 
 
 33
 It is true that it takes very little evidence, either direct or circumstantial, to establish a prima facie case of discrimination. See Wallis, 26 F.3d at 889. However, in the present case Watson has not produced any evidence to establish that he was discriminated against on the basis of age. Therefore, we hold that Watson failed to establish a prima facie case on his claim of age discrimination.
 
 
 34
 The district court's grant of summary judgment for the defendants is affirmed.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.A. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3